# Children's Court of the Navajo Nation
## Judicial District of Shiprock

---

In the Matter of: A. O., A Minor,
SR-AN-246-86
Decided November 18, 1987

---

## OPINION

*Before Marilou B. Tso, Children's Court Judge.*

*William E. Miller, Jr. Esq. and Daryl June, Esq., Navajo Nation Prosecutor's Office, Window Rock, Arizona, for the Petitioner; James Jay Mason, Esq., Gallup, New Mexico, for the Respondent.*

*Opinion delivered by Tso, Children's Court Judge.*

## I. Introduction

This case was remanded to the Shiprock Children's Court by the Order of the Navajo Nation Supreme Court; such Order entered February 10, 1987. In its Order of February 10, the Supreme Court mandated:

. . .This case is remanded to the Shiprock Children's Court to determine if any of the facts in §1055 (4) exists and for proceedings consistent with this option. (Order of February 10, 1987, page 6).

In the body of the Navajo Nation Supreme Court opinion, the applicable law governing the remand was stated as:

Under the Navajo Children's Code, if any of the factors (residence, domicile, ward of the court) in 9 N.T.C. §1055 (4) is proven by a preponderance of the evidence, then the Children's Court has jurisdiction over the Navajo child, even where the alleged conduct giving rise to the petition occurred outside the exterior boundaries of the Navajo Indian Reservation. *Id.*

With these directions in mind, this Court will enter findings of fact as instructed by the Supreme Court, (at page 5 of the February 10, 1987 Order).

## II. Findings of Fact

The findings of fact now entered by the Shiprock Children's Court are made against a complicated background of litigation over the custody of the child, A. O. The custody battle has been waged by the parents of the child for years. This case came before the Shiprock Children's Court originally on a petition by the Navajo Nation Prosecutor's Office alleging dependency of the child, arising out of allegations of sexual abuse of the child while she was in the custody of her father in Albuquerque. This Court never reached the substantive issues underlying the petition for dependency, having dismissed the case for lack of jurisdiction. It is with the jurisdictional factors in mind, that the Court now enters findings of fact as directed by the Navajo Nation Supreme Court. The findings will be broken down into the following categories.

1. Findings relative to residence and domiciles;
2. Findings relevant to the Children's Court wardship over the child.
    A. Residence and Domicile
        1. On June 25, 1986, a petition for adjudication of a dependent child was filed by the Shiprock District Juvenile Presenting Officer, alleging sexual molestation of the child, by her Anglo father in Albuquerque, New Mexico, from April to June, 1986, and further alleging that the child was domiciled within the exterior boundaries of the Navajo Nation.
        2. At the time the petition for dependency was filed, the child was the subject of a custody order entered by the Second Judicial District Court of the State of New Mexico, for Bernalillo County (hereinafter referred to as the State Court). The Order, entered December 05, 1984, provided that the mother of the child could have custody of the child for two week periods, alternating with two periods for the custodial father, during the summer months. The mother's first summer visitation, under the Order would run from June 01 to June 14th each year. (Order of December 05, 1984, Exhibit 5 to the Motion to Dismiss of Father at E(4).).
        3. The State Court Order of December 05, 1984, provided that the father of the child was the custodial parent of the child (*Id.* at D).
        4. On or about June 05, 1986, the mother picked up the child for a visitation. (Affidavit of Father, Exhibit 1 to the Motion to Dismiss, at No. 25: the factual assertion of the Affidavit has not been controverted by the Navajo Nation). The Court finds that the mother picked up the child, either for a weekend visitation (Affidavit *Id.*) pursuant to her first two week summer visitation under the State Court Order. (Order of December 05, 1984 *supra.*)

5. As of June 15, 1986, the natural mother's right to visitation had ceased, and she did not thereafter return the child to the custodial parent.

6. On July 10, 1986, during a delay in the proceedings of this Court caused by the Navajo Nation's lack of readiness to proceed on its petition for dependency, the State Court issued an Order finding the mother to be in violation of its custody Order of December 05, 1984. (Order, Exhibit 7 to the father's Motion to Dismiss.)

7. On July 29, 1986, this Court was presented with the father's Motion to Dismiss, which, *inter alia,* alleged that the child had been removed to the Navajo Nation in violation of the State Court custody decree and that the Navajo Nation was not the "home state" of the child. (Motion to Dismiss and Affidavit, Exhibit 1).

8. On July 30, 1987, this Court held a hearing on the petition for dependency. At such hearing, the Court questioned witnesses and examined evidence. The evidence showed, by a preponderance, that the following were true:

    a) The child was brought to the Navajo Nation on June 19, 1986, by her mother shortly before having the Juvenile Presenting Officer file the petition for adjudication of a dependent child;

    b) At the time the petition for dependency was filed in the Navajo Nation Court, the mother had violated her visitation rights under the State Court Custody Order. The mother claimed in open court that she kept the child because of the alleged abuse by the father.

    c) The State Court Custody Orders came about after a prolonged divorce struggle which had cases filed at the Shiprock District Court and in State Court. In the State Court proceedings for divorce, the mother appeared and litigated the case. At the time of the divorce action she resided in Albuquerque, New Mexico, and there is no question that the State Court had jurisdiction over the parties and subject matter in its divorce decree of June 12, 1984, and subsequent child custody Orders.

    d) The State Court Custody Order provided that the father should be the custodial parent with the mother having weekend visitations and visitations during the summer and holidays as specified in the Order of December 05, 1984.

    e) The June 25, 1986, petition for dependency was filed by the presenting officer at the insistence of the mother.

B. Findings of Fact Regarding Wardship

    1. On June 30, 1986, the Shiprock Juvenile Presenting Officer filed a motion for an *ex-parte* custody Order, which was granted by the Court on the same date. In so doing, this Court

asserted jurisdiction over the proceedings, making the child a ward of the Court by giving temporary legal custody to the Navajo Division of Social Welfare.

2. The June 25, 1986, petition for dependency alleged that the child was domiciled and resided within the boundaries of the Navajo Nation. The June 30th *ex-parte* motion alleged that the Court had jurisdiction.

3. The jurisdiction of this Court was first challenged on July 29, 1987, when the father filed his Motion to Dismiss with the Court.


### III. Conclusions of Law

While the Navajo Nation Supreme Court did not directly address the need for conclusions of law by the Court, this Court will enter conclusions of law, because of the particularly sensitive nature of the jurisdictional issues presented by this case.

A. Subject Matter Jurisdiction

1. This is a dependency proceeding, and as such, this Court has "exclusive original jurisdiction of all proceedings under the Children's Court in which a child is alleged to be a . . .dependent child . . . . (§1055 (1) of the Navajo Nation Children's Code.)

2. This Court's exercise of subject matter jurisdiction is affected by the provisions of §1055 (4) of the Navajo Nation Children's Code regarding territorial jurisdiction. Under that section of the code, this Court may decline jurisdiction "in appropriate circumstances where a forum with concurrent jurisdiction is exercising its authority," and this Court shall have exclusive jurisdiction "over any Navajo child who resides or is domiciled within the borders of Navajo Indian Country or who is a ward of the Children's Court."

3. The exclusive jurisdiction of this Court involves an inter-relationship of subject matter and personal jurisdiction, which requires for proper exercise of subject matter jurisdiction that a child be properly before the Court. *In the Matter of: Katherine Denise Chewiwi,* 1 Nav. R. 120, 123 (1977).

B. Conclusions relative to domicile

1. Under 9 N.T.C. §1002 (19), the lawful domicile of a child of divorced parents is the domicile of the custodial parent.

2. The domicile for purposes of this Court's jurisdiction is established at the time of the alleged acts.

3. The custodial parent of A. O. was the natural father, and he had such custodial rights at the time of the acts alleged in the petition

for dependency. Whatever custodial rights that the mother may have had, as a result of the State Court Order; those rights did not exist at the time that this dependency petition was filed. This Court, while not bound by full faith and credit, is obliged to extend comity to the State Court determination of the mother's violation of her custody rights as a result of the State Court's Order of July 09, 1986. *See, In the Matter of the Guardianship Of: Katherine Denise Chewiwi, Id.* at 126. This Court concludes that the State Court has continuing jurisdiction over the custody matter involving the child, and this Court may properly look to the State Court's construction of its own custody order in making the determination as to lawful custody rights during the period of time relevant to this petition for dependency.

4. The domicile of A. O. was properly the domicile of the custodial parent, and as such, that domicile was not within the exterior boundaries of the Navajo Nation.

C. Conclusions of Law relative to residence

1. The Navajo Children's Code, at §1055 (4), provides that the Children's Court shall have exclusive jurisdiction over any Navajo child "who resides...within the borders of Navajo Indian Country."

2. The term "residence" is not specifically defined in the Children's Code, nor anywhere else in the Navajo Tribal Code. Navajo case law does not provide a specific definition of "residence." This Court concludes that "residence" means living in a place, establishing a home in that place, so that a person can claim certain rights as a legal resident or be subject to certain legal responsibilities or obligations. *Cf. Perez v. Health and Social Services*, 573 P.2d 689 (N.M. App. 1977). The requisites for residence of a child go beyond mere physical presence procured by the violation of an existing visitation right under the custody order of another jurisdiction. *Cf. In the Matter of Guardianship of: Katherine Denise Chewiwi*, 1 Nav. R. at 124. To conclude otherwise would be to encourage the type of forum shopping which has repeatedly been discouraged by the Courts of the Navajo Nation. *See, e.g. Frejo v. Barney*, 3 Navajo R. 237 at 238 (1982); *In Re: Chewiwi*, 1 Nav. R. 120 (1977); *Custody of B.N.P., B.P., L.P., J.R.* 4 Nav. R. 155 (1983); *In Re: Custody of Platero, et. al.,* WR-CV-121-83.

3. Facts in this case compel the Court to conclude that the mother had previously been a resident of Albuquerque, (or is it Los Alamos?) and that her return to the Navajo Nation was directly related to the effort to procure this Court's intervention in the child custody proceedings that were on-going in the State Court.

The Court concludes that the mother was not herself a resident of the Navajo Nation at the time the petition for dependency was filed, nor was the child a resident of the Navajo Nation.[1]

D. Conclusions of law relative to Wardship

1. This Court has concluded that neither the requisites of residence or domicile exists in this case, so the final issue for conclusion on jurisdiction over this dependency proceeding turns on the child's relationship to this Court. In other words, the Navajo Nation Supreme Court has said that if this Court finds that the child was already a ward of the Court before the dependency petition was filed, then the Court would have jurisdiction. The basic principle of law is that the domicile of a child who is a ward of the Court is the location of that Court. *Matter of the Adoption of Buehl,* 87 Wash. 2d 649, 555 P.2d 1334 (1976).

2. The Navajo Nation Supreme Court has asked this Court to determine if the child was properly made a ward of the Children's Court pursuant to §1405 of the Children's Code. By its terms, §1405 makes children who are *domiciled* or *residing* within Navajo Indian Country a ward of the Children's Court when they are voluntarily placed outside the Navajo Nation and the consent for placement is filed with the Court. The ward status attaches when the child leaves Navajo jurisdiction. Thus, §1405 required a finding of Navajo residence or domicile first. Then there must be a finding that the child was voluntarily placed outside Navajo Country and the consent was filed with the Court.

3. This Court has already concluded that there was neither residence nor domicile of the child in this case. §1405 of the Children's Code would therefore not directly apply in this case. This case was not initiated under the auspices of the Indian Child Welfare Act of 1978.

4. This Court concludes, however, that its power to assert wardship over a child was also inherent in the Navajo Tribal Council's directive that the Navajo Tribal Council's directive that the Children's Court, "in the exercise of its duties and its exercise of any duties to perform by other offices under its supervision or control, shall utilize such social services as may be available to the tribal, federal, or state government." 9 N.T.C. §1051(4). This section, coupled with 9 N.T.C. §1108(1) (a), relative to temporary custody,

---

1. Interestingly, the Office of Prosecutor of the Navajo Nation, in a recently filed Motion to Dismiss, has entered its in court admission that the child has never been, during the time of these proceedings, either a domiciliary or a resident of the Navajo Nation. (See Motion to Dismiss, dated June 8th, 1987). This admission was not, however, made at the time the Court issued its original dismissal for want of jurisdiction.

clearly contemplates that the Children's Court has the power to make interim determinations as they relate to a dependent child, and in so doing to make the child a temporary ward of the Court.

5. In this case, the Court's order of wardship was entered at the same time that the presenting officer made the motion for temporary custody. At that time, this Court had been advised by the presenting officer and by the Office of the Prosecutor that there was no jurisdictional question and that there was no issue relative to residence or domicile involved in this dependency proceeding. Based upon such representations, the Court asserted its right to declare A. O. a ward of the Court.

6. The Court was not aware of any underlying jurisdictional problem in this case until the Motion to Dismiss filed by the father on July 29, 1986.

7. The Court concludes that its assertion of wardship over A. O. during the preliminary proceedings in this action and prior to an adjudication of the Court's underlying jurisdiction, did not in of itself confer jurisdiction on the Children's Court over this dependency action.

E. Conclusions as they relate to the Court's exercise of Jurisdiction

1. The Court concludes that it had concurrent, rather than exclusive original jurisdiction, over this action. In recognizing this issue, the Children's Court along with its dismissal of the dependency action, issued a Minute Order on July 30, 1986, whereby A. O. was released to the care of a psychologist who was directed to take the child directly to the New Mexico Court Clinic for an evaluation and to consult with the New Mexico Second Judicial District expeditiously.

2. The Court concludes that the State Court in the Fifth Judicial District of New Mexico constituted a "forum with concurrent jurisdiction [which] is exercising its authority" over the matter of the custody and care of the child, A. O.

3. This Court concludes that this is an appropriate case for·it to decline jurisdiction, both because it does not have exclusive jurisdiction over this action, and because of the way in which the presence of the child was procured on the Navajo Nation.

## Order

The Court having so concluded, hereby reaffirms its Order of August 5, 1986, which was further clarified through an Opinion and Order dated October 24, 1986, that this Court does not have proper jurisdiction to pro-

ceed with the case and appropriately remanded the matter to the Second Judicial District of New Mexico.

This Order shall also serve to clarify the Office of Prosecutor's Motion to Dismiss filed June 9, 1987, and Respondent's Response filed on June 16, 1987. Accordingly, the Motion to Dismiss is hereby Granted for want of jurisdiction; not venue. The matter of venue is not at issue in this case.